UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Zosimo Reyes Saenz,

           Petitioner,

vs.                         REPORT AND RECOMMENDATION

Warden Ricardo Rios,

           Respondent.        Civ. No. 08-602 (DWF/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petition of Zosimo Reyes Saenz for a Writ of Habeas Corpus under Title 28 U.S.C. §2241. For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed, for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

---

[1]Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must
(continued...)

## II. Factual and Procedural Background

In 1995, a Jury in the United States District Court for the Northern District of Texas found the Petitioner guilty of possession with intent to distribute methamphetamine, and possession of a firearm during and in relation to a drug trafficking crime. He received an aggregate sentence of 295 months in Federal prison, and he is presently serving his sentence at the Federal Correctional Institution, in Waseca, Minnesota.

After the Petitioner was convicted and sentenced, he filed a direct appeal in the United States Court of Appeals for the Fifth Circuit. The appeal was summarily dismissed, however, after the Petitioner's attorney filed a brief indicating that he was unable to identify any non-frivolous grounds for an appeal. See, United States v. Saenz, 91 F.3d 138 at *1 (5th Cir. 1996)[unpublished], citing Anders v. California, 386 U.S. 738, 744 (1967).

---

[1](...continued)
dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to Title 28 U.S.C. §2254, they also may be applied to habeas cases brought under Title 28 U.S.C. §2241. Rule 1(b); Mickelson v. United States, 2002 WL 31045849 at *2 (D.Minn., September 10, 2002); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, 1990 WL 171789 at *3 (N.D. Ill., November 1, 1990).

In February of 1997, the Petitioner filed a Motion in the Trial Court, which sought relief under Title 28 U.S.C. §2255. In that Motion, the Petitioner argued that he had been deprived of his constitutional right to effective assistance of counsel during the course of the Trial Court proceedings. The Petitioner's Section 2255 Motion was denied, and the Petitioner then filed a second appeal to the Fifth Circuit Court of Appeals. The Court of Appeals remanded the matter to the Trial Court, and directed the Trial Court to reconsider the Petitioner's Motion to Supplement his original Section 2255 Motion. See, United State v. Saenz, 282 F.3d 354 (5th Cir. 2002).

On remand, the Trial Court granted the Petitioner's Motion to Supplement, conducted an Evidentiary Hearing, and addressed the Petitioner's ineffective assistance of counsel claims on their merits. The Trial Court ultimately rejected the Petitioner's claims, and denied his Section 2255 Motion. See, United States v. Saenz, 2003 WL 158883 (N.D.Tex., January 9, 2003). The Petitioner attempted to appeal that ruling, but he was unable to secure a Certificate of Appealability, as required by

Title 28 U.S.C. §2253.  See, <u>Petitioner's Memorandum of Law/ Motion Seeking Relief By Way Of §2241 Habeas Corpus</u>, <u>Docket No. 2</u>, at p. 6.[2]

The Petitioner has also attempted to challenge his conviction in a previous Section 2241 Habeas Corpus Petition that was filed in this District.  See, <u>Saenz v. Warden</u>, Civil No. 06-3451 (DWF/RLE).   However, that Petition was summarily dismissed for lack of jurisdiction.  See, <u>Saenz v. Warden</u>, 2006 WL 2860850 (D.Minn., October 4, 2006).

The Petitioner is now attempting to again challenge his conviction in his current Habeas Corpus Petition, under Title 28 U.S.C. §2241.  In his latest Petition, the Petitioner claims that his conviction should be set aside on the following three (3) grounds:

> 1.   He was deprived of his constitutional right to effective assistance of counsel at Trial, because his attorney failed to inform him of a proposed plea agreement;
>
> 2.   He was deprived of his constitutional rights under the Fourth and Fifth Amendments, at the time of his arrest, because law enforcement officials conducted an improper

---

[2]Sometime after the final ruling on the Section 2255 Motion, the Petitioner filed an application which he identified as an "18 U.S.C. §3742 motion for review of sentence," which was summarily rejected by the Trial Court, and by the Fifth Circuit Court of Appeals, as "an unauthorized motion."  <u>United States v. Saenz</u>, 2006 WL 2092533 T *1 (5th Cir., July 27, 2006)[unpublished opinion].

>search of the vehicle that he was driving, and improperly questioned him; and
>
>3.   He was deprived of his constitutional right to Due Process, because of certain comments made by the prosecutor during his Trial, and because his attorney did not attempt to discover certain evidence that purportedly would have strengthened his defense.

In view of the Record presented, and the governing law of this Circuit, we find that the Petitioner cannot properly raise his current challenges to his conviction by means of a Habeas Corpus Petition, under Title 28 U.S.C. §2241.

## III.  Discussion

As a general rule, a Federal prisoner can maintain a collateral challenge to his conviction, or sentence, only by filing a Motion in the Trial Court pursuant to Title 28 U.S.C. §2255.  See, <u>Abdullah v. Hedrick</u>, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005).  The fifth paragraph of Section 2255 provides as follows:

>An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., Section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

In effect, a Motion before the Sentencing Court, under Section 2255, is the exclusive remedy available to a Federal prisoner who is asserting a collateral challenge to his conviction or sentence. See, Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003)("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [Section] 2255 * * * and not in a habeas petition filed in the court of incarceration * * * under [Section] 2241.").

No Court has jurisdiction to hear such a challenge, under Title 28 U.S.C. §2241, or otherwise, unless the Petitioner has affirmatively demonstrated that the remedy provided by Section 2255 "'is inadequate or ineffective to test the legality of * * * [his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986), quoting Title 28 U.S.C. §2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," see, Abdullah v. Hedrick, supra at 959, because, when it applies, it can save a Section 2241 Habeas Petition from being dismissed under the Section 2255 exclusive remedy rule.

Here, the Petitioner is clearly challenging the validity of his 1995 Federal criminal conviction. See, Petition, supra at p. 6 ("Petitioner now files the instant

- 6 -

Application for a Writ of Habeas Corpus pursuant to Title 28 U.S.C. [Section]2241 challenging his right to be released on the grounds that his conviction is in violation of his Constitutional rights."). Therefore, the Court finds that the present Habeas Corpus Petition is plainly subject to, and barred by, Section 2255's exclusive remedy rule, which means that the Petitioner cannot pursue his current claims for relief in a Section 2241 Habeas Petition, unless the remedy provided by Section 2255 is found to be "inadequate or ineffective to test the legality of his detention."

In some cases, a Section 2241 Habeas Petition, which is barred by the exclusive remedy rule, can simply be construed as a Motion under Section 2255. Then the matter can be transferred to the Trial Court so that the prisoner's claims can be addressed on the merits there. Here, however, the Petitioner is precluded from seeking relief under Section 2255, because: 1) he has already sought relief under Section 2255 in a previous Motion that was denied on the merits, and 2) he is time-barred from bringing a Motion under Section 2255, by reason of the one-year statute of limitations that is applicable to such Motions. See, Title 28 U.S.C. §§2255(6) and (8).

The Petitioner apparently recognizes that he is not presently eligible for relief under Section 2255, and appears to believe that Section 2255 is "inadequate or ineffective to test the legality" of his conviction, and that he should be allowed to

bring his current claims under Section 2241, because the Trial Court, and the Fifth Circuit Court of Appeals, have refused to grant him any relief on any of the claims that he has raised in the past. Such reasoning, however, is misguided.

"A federal prisoner should be permitted to seek habeas corpus [under Section 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed" after he had an opportunity to seek relief under Section 2255. <u>Abdullah v. Hedrick</u>, supra at 962, quoting <u>In re Davenport</u>, 147 F.3d 605, 611 (7th Cir. 1998). In other words, "[Section] 2255 is not inadequate or ineffective," thereby allowing a prisoner to challenge his conviction or sentence in a Section 2241 Habeas Corpus Petition, "where a petitioner had any opportunity to present his claim beforehand." <u>Id.</u> at 963.

The procedural rules that limit the availability of relief under Section 2255 would be rendered meaningless if a prisoner, who is procedurally barred from bringing a Section 2255 Motion, could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should, therefore, be allowed to bring his claims in a Section 2241 Habeas Petition. Congress could not have intended that the procedural limitations, on Section 2255 Motions, could be so easily avoided.

Accordingly, our Court of Appeals has held that Section 2255 will not be viewed as inadequate or ineffective "merely because [Section] 2255 relief has already been denied, * * * or because Petitioner has been denied permission to file a second or successive [Section] 2255 motion, * * * or because a second or successive [Section] 2255 motion has been dismissed, * * * or because Petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000)[citations omitted]; see also, Abdullah v. Hedrick, supra at 959; United States ex rel. Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir. 2002), cert. denied, 537 U.S. 869 (2002) (reaffirming that Section 2255 is not rendered inadequate or ineffective by operation of the procedural limitations on Section 2255 Motions); Hill v. Morrison, supra at 1091 ("[I]n order to establish a remedy is 'inadequate or ineffective' under [Section] 2255, there must be more than a procedural barrier to bringing a [Section] 2255 petition."). Here, it is plain that the Petitioner's current claims cannot be brought under Section 2241, because those claims were raised, or could have been raised, in his direct appeal, or in his Section 2255 Motion. Moreover, he cannot contend that Section 2255 was "inadequate or ineffective," simply because he previously failed to pursue those

claims, or because he is dissatisfied with the decisions rendered in his prior judicial proceedings.

Since the "inadequate or ineffective remedy" exception is not available to the Petitioner, his present Section 2241 Habeas Corpus Petition, which challenges his Federal criminal conviction in 1995, cannot be entertained here. See, Bauer v. Ashcroft, 2003 WL 541692 at *2 (D.Minn., February 19, 2003). Accordingly, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed for lack of jurisdiction. See, DeSimone v. Lacy, supra at 323-24 (Section 2241 Habeas Petition challenging Judgment entered in a prior criminal case was properly dismissed for lack of subject matter jurisdiction, where the petitioner had not demonstrated that Section 2255 motion was an inadequate or ineffective remedy); Abdullah v. Hedrick, supra at 964 ("Because Abdullah did not show that [Section] 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a [Section] 2241 petition.").

Since we have determined that this action must be summarily dismissed for lack of jurisdiction, we further recommend that the Petitioner's pending Application for leave to proceed in forma pauperis, see, Docket No. 3, be summarily denied, as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

1.  That the Petition for a Writ of Habeas Corpus [Docket No. 1] be summarily dismissed for lack of jurisdiction.

2.  That the Petition's Motion Seeking Relief By Way Of 2241 Habeas Corpus [Docket No. 2] be denied.

3.  That the Petitioner's application for leave to proceed in forma pauperis [Docket No. 3] be denied, as moot.


Dated: March 19, 2008          *s/Raymond L. Erickson*
                                Raymond L. Erickson
                                CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than April 4, 2008**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this

procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than April 4, 2008**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.